**UNITED STATES OF AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHIGAN URGENT &
PRIMARY CARE PHYSICIANS, P.C.,

    Plaintiff,

 -vs-

MEDICAL SECURITY CARD COMPANY,
LLC d/b/a SCRIPTSAVE and WELLRX
and JOHN DOES 1-10,

    Defendants.

## **COMPLAINT – CLASS ACTION**

*Plaintiff is not aware of any related cases.*

1. Plaintiff, Michigan Urgent Care & Primary Care Physicians, P.C., brings this action to secure redress for the actions of Medical Security Card Company, LLC doing business as ScriptSave and WellRx ("MSCC" or "Defendant") in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving

and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

## PARTIES

3.   Plaintiff Michigan Urgent Care & Primary Care Physicians, P.C. ("Michigan Urgent Care"), is a professional corporation with offices at 37595 7 Mile Road, Livonia, Michigan 48152, where it maintains a telephone facsimile machine.

4.   Defendant Medical Security Card Company, LLC is a limited liability company organized under Delaware law with offices at 3800 N. Central Av., Suite 460, Phoenix, AZ 85012.  Its registered agent is Corporation Trust Co., 1209 Orange St., Wilmington, DE 19801.

5.   Defendant Medical Security Card Company, LLC does business as ScriptSave and WellRx.

6.   Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisement described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

7.   This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.  *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012).

8.   Personal jurisdiction is proper because Defendant has committed tortious acts

2

in this District by causing the transmission of unlawful communications into the District.

9. Venue in this District is proper for the same reason.

## FACTS

10. On October 3, 2019, Michigan Urgent Care received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine, promoting a medical savings plan intended to be offered to patients.

11. According to the Defendant, use of the cards is mutually beneficial to the patient, doctor and Defendant.

12. Defendant describes the operation of the plan as follows on its web site (https://www.wellrx.com/how-prescription-discount-cards-work/): "Savings programs like ScriptSave WellRx negotiate discounts on bulk drug purchases with pharmacy owners. Consumers can then access lower medication prices at nearby pharmacies by using a free card or mobile app provided by the Rx savings program. [¶] When you use the drug card to fill your prescriptions, the pharmacy compensates the discount program. In some regards, it can be thought of as a referral fee, paid by the pharmacy to the discount program. Pharmacies not only benefit from the additional items that customers usually purchase when visiting the store but, in addition, many of the patients using a cash savings card are uninsured and would otherwise not be filling

3

their prescription. Without the Rx savings program, these potential customer visits to the pharmacy would have been abandoned before they happened, resulting in the loss of both the prescription and the foot-traffic through the store."

13. The MSSC website states that the doctor benefits, inter alia, because the patient can afford to continue a course of treatment for which the doctor is paid. Per the website: "Help your patients to stay compliant with their prescription medication regimen. If high out-of-pocket costs are threat[en]ing adherence, giving each patient a FREE ScriptSave® WellRx card to accompany their prescription can make a serious difference. [¶] This prescription savings program is free to join and free to use, and can save patients up to 80% on the medications you prescribe. It's not just for those with no insurance; those with high deductible health plans (HDHP) and high copays will also see significant savings at pharmacies in their area." (https://www.wellrx.com/physicians-and-employers/)

14. Discovery may reveal the transmission of additional faxes as well.

15. MSSC is responsible for sending or causing the sending of the fax.

16. MSCC either negligently or wilfully violated the rights of Plaintiff and other recipients in sending the fax.

17. Plaintiff had no prior relationship with Defendant and had not authorized the sending of fax advertisements to it.

18.   The fax does not contain an "opt out" notice in the form required by 47 U.S.C. § 227.

19.   On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

20.   On information and belief, Defendant has transmitted similar unsolicited fax advertisements to at least 40 other persons in Michigan.

21.   There is no reasonable means for Plaintiff or other recipients of Defendant's unsolicited advertising fax to avoid receiving illegal faxes.  Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

22.   Plaintiff incorporates ¶¶ 1-21.

23.   The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

24.   The TCPA, 47 U.S.C. §227(b)(3), provides:

Private right of action.

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–

> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

>> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
>> (C) both such actions.
>
> If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

25. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, Plaintiff's statutory right of privacy was invaded.

26. Plaintiff and each class member is entitled to statutory damages.

27. Defendant violated the TCPA even if its actions were only negligent.

28. Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

29. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of Medical Security Card Company, LLC promoting its goods or services for sale.

30. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

31. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

    b. The manner in which Defendant compiled or obtained its list of fax numbers;

    c. Whether Defendant thereby violated the TCPA.

32. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

33. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

34. A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the

prosecution of separate claims against Defendant is small because it is not economically feasible to bring individual actions.

35. Several courts have certified class actions under the TCPA. *American Copper & Brass, Inc. v. Lake City Indus. Products, Inc.,* 757 F.3d 540, 544 (6th Cir. 2014)*; In re Sandusky Wellness Center, LLC,* 570 Fed.Appx. 437, 437 (6th Cir. 2014)*; Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.,* 821 F.3d 992, 998 (8th Cir. 2016)*; Holtzman v. Turza,* No. 08 C 2014, 2009 WL 3334909 (N.D.Ill. Oct. 14, 2009), *aff'd in part, rev'd in part, vacated in part.* 728 F.3d 682 (7th Cir. 2013); *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.* 2015 IL 118644, 48 N.E.3d1060; *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La.

App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010).

36. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendant for:

a. Statutory damages;

b. An injunction against the further transmission of unsolicited fax advertising;

c. Costs of suit;

d. Such other or further relief as the Court deems just and proper.

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:   /s/ *Adam G. Taub*
       Adam G. Taub (P48703)
       17200 W 10 Mile Rd Suite 200
       Southfield, MI 48075
       Phone:  (248) 746-3790
       Email:   adamgtaub@clgplc.net

       /s/ *Daniel A. Edelman*
       Daniel A. Edelman
       Cathleen M. Combs
       Dulijaza (Julie) Clark
       EDELMAN, COMBS, LATTURNER
              & GOODWIN, LLC
       20 South Clark Street, Suite 1500
       Chicago, Illinois  60603
       P: (312)739-4200 F: (312)419-0379
              Email:
       dedelman@edcombs.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

>  */s/ Daniel A. Edelman*
> Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    &amp; GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

# **EXHIBIT A**



# Prescription Savings for 25 Years

Accepted nationwide at more than 65,000 pharmacies



1. **CLIP OR SNAP** your savings card
2. **SHOW** at your pharmacy
3. **SAVE** up to 80%

**ScriptSave WellRx**

RxBIN: 006053
RxPCN: MSC
ID #: FX090092019
Group #: 977

Pharmacy Help Desk: 800-404-1031
Customer Care: 800-407-8156

DISCOUNT ONLY – NOT INSURANCE
Administered by Medical Security Card

Do you have patients with no insurance, high co-pays, or high out-of-pocket costs? ScriptSave WellRx can help!

- Average savings of 60% – 80% on both brand name and generic prescriptions
- Accessible on website, iOS and Android apps
- Text, email, print or download a savings card

- Lowers the financial burden for patients without coverage or with high-deductible health plans
- Supports positive impact on patient satisfaction, safety, and loyalty
- Improves medication adherence

To request savings cards or fliers for your office, visit

www.wellrx.com/pharmacies