UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MICHIGAN URGENT CARE & PRIMARY CARE PHYSICIANS, P.C.,** | **2:20-CV-10353-TGB** |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS, DENYING MOTION TO STAY, AND DIRECTING DEFENDANT TO ANSWER** |
| vs. | |
| **MEDICAL SECURITY CARD COMPANY, LLC D/B/A SCRIPTSAVE AND WELLRX, and JOHN DOES, 1-10,** | |
| Defendants. | |

Plaintiff brings this class action against Defendant Medical Security Card Company ("MSCC") and other unknown individuals alleging a violation of 47 U.S.C. § 227, the Telephone Consumer Protection Act ("TCPA"). For the reasons that follow, the Motion to Dismiss is **DENIED**. Defendant's Motion to Stay is also **DENIED**. Defendant is **ORDERED** to file its answer within 14 days of this Order.

## I.    BACKGROUND

This is Defendant's second motion to dismiss. The Court has already detailed the facts of this case in its Order dismissing Defendant's

first motion to dismiss. ECF No. 17. Briefly, Plaintiff alleges it received a fax advertisement to its facsimile machine from Defendant, promoting Defendant's medical savings plan. Plaintiff alleges this fax was unsolicited and sent in violation of the TCPA (specifically, 47 U.S.C. § 227(b)(1)(C)).

Defendant MSCC now seeks to dismiss this case on the ground that the Court allegedly lacks subject matter jurisdiction. ECF No. 21. It has also filed a Motion to Stay, seeking to pause these proceedings pending the Sixth Circuit's decision in *Lindenbaum v. Realgy, LLC*, No. 20-4252. ECF No. 26. The motions have been fully briefed and are ripe for review.

## II. STANDARD OF REVIEW

District courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A federal court's exercise of subject matter jurisdiction is proper when the complaint's allegations establish federal claims. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction generally comes in two varieties: a facial attack or a factual attack. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack on the subject matter jurisdiction alleged in the complaint questions only the sufficiency of the pleading. *Id.* When reviewing a facial attack, the court takes the allegations in the complaint as true. *Id.* At all times, the

plaintiff has the burden of proving jurisdiction to survive the motion. *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

## III. ANALYSIS

MSCC's facial attack arises from its interpretation of the Supreme Court's decision in *Barr. v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 2335 (July 6, 2020) ("*AAPC*"). That case found that a portion of one section of the TCPA was a content-based restriction that violated the First Amendment. But the Court also found that the offending portion could be severed, so that the section would no longer be unconstitutional.

The TCPA, 47 U.S.C. § 227(b)(1), contains several different sections prohibiting certain activities involving the use of telephones and facsimile machines. Sections 227(b)(1)(A)-(B) and (D) deal with telephone communications, prohibiting certain kinds of conduct such as the use of automated dialing systems or "robocalls," while § 227(b)(1)(C) prohibits using telephone facsimile machines to send unsolicited advertisements. In *AAPC,* the Supreme Court considered a First Amendment challenge to an amendment that Congress adopted in 2015, adding an exception to the prohibition on robocalls contained in § 227(b)(1)(A)(iii). This new provision exempted from the prohibition any robocalls that were "made solely to collect a debt owed to or guaranteed by the United States" (the so-called "government debt exception"). *AAPC*, 140 S. Ct. at 2344-45.

Although six Justices in *AAPC* concluded that the government debt exception was an impermissible regulation of speech and therefore

3

unconstitutional, they did so on different grounds, and no single opinion commanded a majority of the Court. *Id.* at 2343-44. Additionally, seven members of the Court concluded that it was not necessary to invalidate the entire robocall restriction, but rather that the 2015 government-debt exception could be "invalidated and severed from the remainder of the statute." *Id.*

Despite this clear articulation of the continued viability of other parts of the TCPA, including the provision under which Plaintiff brings its claims in this case, MSCC argues that the entire statute—both the robocall prohibition as well as other sections of the statute—was rendered unconstitutional during the period the government debt-collection exception was in effect. MSCC points to three district court cases finding that the Supreme Court's salvaging of the statute by severing the government debt-collection exception can only have a prospective effect. *See Lindenbaum v. Realgy, LLC*, No. 1:19 CV 2862, 2020 WL 6361915, at *7 (N.D. Ohio Oct. 29, 2020); *Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc. et al.*, No. 5:20-CV-38-OC-30PRL, 2020 WL 7346536, at *3 (M.D. Fla. Dec. 11, 2020); *Creasy v. Charter Commc'ns, Inc.*, No. CV 20-1199, 2020 WL 5761117, at *5 (E.D. La. Sept. 28, 2020). Each of these cases concluded that § 227(b)(1)(A)(iii), the robocall restriction, was rendered entirely unconstitutional when it was amended to include the government debt exception in 2015. Consequently, violations of § 227(b)(1)(A)(iii) that occurred between

November 2, 2015, when the offending provision was enacted, and July 6, 2020, the date of the *AAPC* decision, cannot be enforced. Put differently, these courts say the legal effect of the Supreme Court's severing the unconstitutional government debt exception is prospective only—it enables the robocall restriction to be applied only after *AAPC*.

Even if this line of argument were relevant to the facts of this case, Plaintiff points out that these three courts are in the vast minority in finding that severability only affords prospective liability under the robocall section. Almost twenty decisions from district courts across the country reach the opposite conclusion.[1] It is true that the narrow holding of *AAPC* did not address retrospective or prospective liability—only the judgment finding the government debt exception unconstitutional and

---

[1] *See, e.g., Shen v. Tricolor California Auto Grp., LLC*, No. CV 20-7419 PA (AGRX), 2020 WL 7705888, at *4 (C.D. Cal. Dec. 17, 2020); *Canady v. Bridgecrest Acceptance Corp.*, No. CV-19-04738-PHX-DWL, 2020 WL 5249263, at *2 (D. Ariz. Sept. 3, 2020); *Komaiko v. Baker Techs., Inc.*, No. 19-CV-03795-DMR, 2020 WL 5104041, at *2 (N.D. Cal. Aug. 11, 2020); *Abramson v. Fed. Ins. Co.*, No. 8:19-CV-2523-T-60AAS, 2020 WL 7318953, at *2 (M.D. Fla. Dec. 11, 2020); *Stoutt v. Travis Credit Union*, No. 2:20-CV-01280 WBS AC, 2021 WL 99636, at *3 (E.D. Cal. Jan. 12, 2021); *Burton v. Fundmerica, Inc.*, No. 8:19-CV-119, 2020 WL 4504303, at *1 n.2 (D. Neb. Aug. 5, 2020); *Schmidt v. AmerAssist A/R Sols. Inc.*, No. CV-20-00230-PHX-DWL, 2020 WL 6135181, at *4 n.2 (D. Ariz. Oct. 19, 2020); *Lacy v. Comcast Cable Commc'ns, LLC*, No. 3:19-CV-05007-RBL, 2020 WL 4698646, at *1 (W.D. Wash. Aug. 13, 2020); *Rieker v. Nat'l Car Cure, LLC*, No. 3:20CV5901-TKW-HTC, 2021 WL 210841, at *1 (N.D. Fla. Jan. 5, 2021); *see generally* Pl.'s Resp., ECF No. 22, PageID.293-94; Pl.'s Resp., ECF No. 27, PageID.357-59.

severable was supported by a majority of Justices. But Justice Kavanaugh's plurality opinion contains a footnote that, although dicta, addresses and rejects the argument Defendant makes here.[2]

And regardless of the correct position on prospective relief, Defendant's argument fails on a second ground. While a plurality opinion such as the one in this case is generally not binding in its full form, it is noteworthy that the Justices were "unanimous" in that all of them only discussed the constitutionality of TCPA's *robocall restrictions*; none of them viewed the case as challenging the constitutionality of the non-robocall related provisions of the TCPA. This is what makes our case distinguishable from the three district court decisions: they involve claims arising under the robocall prohibition, while our case involves claims of sending unsolicited *facsimile* transmissions. Yet MSCC wishes to extend the reasoning of these cases to support the proposition that violations of *any* of the TCPA's provisions allegedly committed in this time period cannot be enforced. Because none of these decisions

---

[2] Justice Kavanaugh clearly anticipated and rejected the kind of argument Defendant now makes. He wrote: "As the Government acknowledges, although our decision means the end of the government-debt exception, no one should be penalized or held liable for making robocalls to collect government debt after the effective date of the 2015 government-debt exception and before the entry of final judgment by the District Court on remand in this case, or such date that the lower courts determine is appropriate. . . . On the other side of the ledger, our decision today does not negate the liability of parties who made robocalls covered by the robocall restriction." *AAPC*, 140 S.Ct. at 2355 n.12.

addresses the question of whether violations of **§ 227(b)(1)(C)** (the unsolicited fax provision at issue, which has nothing to do with robocalls) might be unenforceable in the time period in question, the Court does not find this reasoning persuasive.

The Court rejects Defendant's assertions that the robocall restriction is "essential to the statute" such that its partial invalidity renders the entire statute void. ECF No. 23, PageID.314. The various parts of the TCPA regulate different types of communications and can easily exist independently of each other. Plaintiff indicates that there are no decisions from other courts "which even suggest that the problem created by the 2015 addition could possibly affect the junk fax provision at issue in the present case." ECF No. 22, PageID.298. The Court likewise is unable to locate any case where this argument was advanced, much less accepted by a court. One case does make an argument analogous to MSCC's for broadening the reach of *AAPC*, but about claims under the "do not call registry" provision at 47 U.S.C. § 227(c)(5). The court there rejected that argument, finding as we do here that "the fact that a portion of the TCPA was found unconstitutional does not necessarily render the entire statute unconstitutional." *Johansen v. Loandepot.com LLC*, No. 820CV00919DOCJDE, 2021 WL 669329, at *3 (C.D. Cal. Jan. 31, 2021).

In its Motion to Stay, MSCC requests this case be stayed pending the Sixth Circuit's decision in *Lindenbaum v. Realgy, LLC*, No. 20-425. *Lindenbaum* is one of the three cases previously cited by Defendant;

again, the issues there concern whether the non-stricken portions of the robocall restrictions at § 227(b)(1)(A)(iii) may be enforced for violations made between 2015 and 2020. The question before the Sixth Circuit—as acknowledged by Defendant—is whether the "*robocall restriction* [was] unconstitutional between 2015, when the exception was enacted, and 2020." Def.'s Mot. to Stay, ECF No. 26, PageID.344 (emphasis added). There is no reason to believe the decision in *Lindenbaum* will affect the resolution of subject matter jurisdiction issues in this case, because this case involves a section of the statute which did not contain the content-based restriction found to be unconstitutional and which is entirely separate from the robocall restriction. The Motion to Stay is denied.

## CONCLUSION

Defendant's Motion to Dismiss (ECF No. 21) is **DENIED.** Its Motion to Stay (ECF NO. 26) is also **DENIED.** Defendant is **ORDERED** to file an answer within 14 days of this Order. Fed. R. Civ. P. 12(a)(4).

**SO ORDERED** this 28th day of April, 2021.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge