UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN URGENT &
PRIMARY CARE PHYSICIANS, P.C.,

|  |  |
|---|---|
| Plaintiff, | Case No. 2:20-cv-10353 |
|  | Judge Terrence G. Berg |
| -vs- | Magistrate Judge David R. Grand |

MEDICAL SECURITY CARD COMPANY,
LLC d/b/a SCRIPTSAVE and WELLRX
and JOHN DOES 1-10,

Defendants.

## SETTLEMENT AGREEMENT

## RECITALS AND DEFINITIONS

1.    Parties.  Defendant  Medical Security Card Company, LLC d/b/a ScriptSave and WellRx ("MSCC" or "Defendant") and Plaintiff Michigan Urgent & Primary Care Physicians, P.C., ("Plaintiff") individually and as representative of the settlement class of persons defined below in paragraph 5 (the "Settlement Class"), enter into this Settlement Agreement ("Settlement Agreement"). Plaintiff and Defendant are collectively referred to as the Parties.

2.    Nature of Litigation.  In this lawsuit, captioned  Michigan Urgent & Primary Care Physicians, P.C., v. Medical Security Card Company, LLC d/b/a ScriptSave and WellRx, and John Does 1-10,

United States District Court, Eastern District of Michigan, Southern Division, docket number No. 2:20-cv-10353, (the "Litigation"), Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") by sending unsolicited advertisements via facsimile to plaintiff and a nationwide class of individuals and entities.

3.  <u>Denial of Liability</u>. Defendant denies violating the TCPA, and further denies any liability to Plaintiff and the Settlement Class for the claims alleged. Defendant desires to settle the claims solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims, known or unknown, asserted or unasserted, actual or contingent, that have been or might have been asserted by the Plaintiff or the Settlement Class against it concerning the matters alleged in the complaint in the Litigation.

4.  "<u>Settlement Class Counsel</u>" means Edelman, Combs, Latturner & Goodwin, LLC and Adam G. Taub & Associates Consumer Law Group, PLC.

5.  "<u>Settlement Class</u>" means all persons and entities who were subscribers to fax numbers that received faxes sent by or on behalf of Medical Security Card Company, LLC on or about October 3, 2019, promoting the commercial availability or quality of its goods or services for which it/they did not obtain prior consent and which did not contain an opt out notice as described in 47 U.S.C. § 227.

6.  "<u>Plaintiff</u>" means Michigan Urgent & Primary Care Physicians, P.C., and its heirs, successors, or assigns, or any other person acting on its behalf or for its benefit, or any person claiming through it.

7.      "<u>Released Parties</u>" means, Defendant MSCC and its parents, subsidiaries, affiliates and sister or sibling companies as of the time of the actions that gave rise to the claims asserted in this Litigation, any of its predecessors and successors in interest, any of its insurers and any of its past, current and future owners, officers, directors, shareholders, partners, members, affiliates and agents (each solely in their respective capacity as such). The Parties expressly agree that all of these persons and entities that are not signatories to this Settlement Agreement are intended third-party beneficiaries of this Settlement Agreement.

8.      "<u>Settlement Class Administrator</u>" means the firm retained by Plaintiff with the consent of Defendant and approved by the Court to issue notice to the Settlement Class Members and to administer the settlement.

9.      "<u>Settlement Class Member(s)</u>" means Plaintiff and any member of the Settlement Class who does not opt out and is not otherwise excluded from the Settlement Class by the Court.

10.      "<u>Released Claims</u>" means any and all causes of action, suits, claims, or demands, in law or in equity, known or unknown, actual or contingent, asserted or unasserted, at this time or at the time the claims asserted in the Litigation arose, which Plaintiff or any other Settlement Class Members now have, did have, or may have in the future against the Released Parties, arising under any legal theory under the TCPA, whether or not alleged, and any similar legal theory related to or arising from the receipt of advertisements by facsimile. This includes, but is not

limited to, all claims that were asserted or could have been asserted against the Released Parties in the Litigation, including TCPA claims.

11.    <u>Plaintiff's Desire to Settle</u>.    Plaintiff, individually and on behalf of the Settlement Class (as defined below), desires to settle its claims against Defendant, having taken into account through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that further litigation will be protracted and expensive. Plaintiff represents and warrants that it owned or leased the facsimile machine which received the faxes at issue in the Litigation at the time the faxes were received. The warranties and representations made in this Settlement Agreement survive the execution of this Settlement Agreement.

12.    <u>Investigation</u>.    Plaintiff's counsel states that they have investigated the facts and the applicable law. Based on the foregoing, and upon an analysis of the benefits afforded by this Settlement Agreement, Plaintiff's counsel considers it to be in the best interest of the Settlement Class to enter into this Settlement Agreement.

13.    <u>Agreement</u>.    In consideration of the foregoing and other valuable consideration, Plaintiff, Plaintiff's counsel and Defendant agree to settle the claims of the Plaintiff and the Settlement Class, the Released Claims, subject to the Court's approval, on the following terms and conditions.

## TERMS

1.    <u>Incorporation of Recitals and Definitions</u>.  The recitals and definitions set forth above are incorporated into this Settlement Agreement.

2.    <u>Effective Date</u>.  The Settlement Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of all of the following: (a) the Court's entry of a Final Approval Order substantially in the form of <u>Exhibit 3</u>, and (b) the expiration of five (5) business days after the date the Final Approval Order becomes final and non-appealable.

3.    <u>Certification of Settlement Class</u>.  Solely for the purposes of settlement, the parties stipulate to the certification of the Settlement Class. The Parties agree to propose that Plaintiff shall be appointed class representative and that Daniel A. Edelman and Julie Clark of Edelman, Combs, Latturner & Goodwin, LLC and Adam G. Taub of Adam G. Taub & Associates Consumer Law Group, PLC shall be appointed Settlement Class Counsel. The Settlement Class shall be certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. Defendant does not consent to certification of the Settlement Class for any purpose other than to effectuate this settlement of the Litigation. If this Settlement Agreement is not approved by the Court or is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by any court of competent jurisdiction, (a) any order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement Class shall be automatically vacated upon

notice to the Court of this Settlement Agreement's termination or disapproval; (b) this Litigation will proceed as though the Settlement Class had never been certified and any related findings or stipulations had never been made and neither this Settlement Agreement, nor any of its Exhibits, nor any other associated settlement document may be used in seeking class certification; and (c) each party reserves all procedural or substantive rights as of the date of execution of this Settlement Agreement.

4.    <u>Identification of Settlement Class Members</u>.  Defendant represents that, based on a review of its records, and as has been shown in discovery, after conducting a thorough investigation of all available information and records, that approximately 23,964 facsimiles were sent by or on its behalf, which Plaintiff asserts are unsolicited facsimile advertisements as defined in the TCPA. Defendant or Settlement Class Counsel shall provide to the Settlement Class Administrator the list of the 23,964 recipients including the facsimile numbers, names and addresses, if available, associated with each unique fax number based upon its records (the "Fax List").

5.    <u>Relief to Plaintiff and the Settlement Class</u>.  The following relief shall be provided to Plaintiff and the Settlement Class, subject to the Court's approval:

        a.    Defendants shall create a $2,350,000.00 Settlement Fund ("Settlement Fund") which shall be distributed as set forth below. The entire Settlement Fund will be paid out and there will be no reverter to Defendants or its insurer(s);

b.  Notice and administration expenses will be paid from the Settlement Fund. The Settlement Fund less notice and administrative expenses is the Net Settlement Fund; and

c.  After the notice and administration expenses are deducted from the Settlement Fund, the Net Settlement Fund shall be apportioned as follows:

    i.  $17,500.00 shall be paid from the Settlement Fund to Plaintiff Michigan Urgent & Primary Care Physicians, P.C., as an incentive award in recognition of services as class representative, in addition to its recovery as a class member;

    ii.  Settlement Class Counsel shall request no more than 33% of the Net Settlement Fund, after deducting all costs and fees for notice to the Class, for attorney's fees and costs;

    iii.  Each member of the Settlement Class who submits a valid claim form will receive a check for a pro rata distribution of the Settlement Fund per unique fax number, after the amounts set forth in subsections (b), (c)(i) and (c)(ii) are distributed.

    iv.  If there is sufficient money remaining in the Net Settlement Fund to pay each Settlement Class Member who cashed his/her/its Initial Settlement Payment a minimum of $10 each, after the distributions identified in (b) and (c)(i)-(iii), then there shall be a Second Distribution to the Settlement Class Members.

    v.  If there is not sufficient money remaining in the Net Settlement Fund to make a Second Distribution as provided in section (c)(iv) above, such fund remaining in the Net Settlement fund shall be distributed to a cy pres charity, consistent with paragraph 10 below.

6. Any award of attorneys' fees and costs and incentive award to Plaintiff which are approved by the Court may be distributed to them within fourteen (14) days following the Effective Date. Within thirty (30) days following the Effective Date, Settlement Class Counsel or the Settlement Class Administrator shall distribute the Net Settlement Fund to the Settlement Class Members who have submitted timely and valid claim forms in accordance with this Settlement Agreement. In the event that (i) the Settlement Agreement is terminated pursuant to its terms; (ii) Defendant withdraws from the Settlement Agreement; (iii) the Settlement Agreement does not become effective; or (iv) the Final Approval Order is reversed, vacated, or modified in any material respect which is not mutually acceptable to the Parties, then Settlement Class Counsel or the Settlement Class Administrator shall return within three (3) business days following the event all funds paid or otherwise received from the Settlement Fund, less any reasonable costs (which shall not exceed $42,000.00) to Defendants' Counsel, Quarles & Brady, LLP, Attention Jacob Bradley, 135 N. Pennsylvania Street, Suite 2400, Indianapolis, IN 46204, that were incurred by the Class Administrator to issue notice to the Settlement Class Members

7. Settlement Class Members shall have sixty (60) days to submit a claim form, to opt out, or object to the proposed settlement, after notice is initially sent by fax.

8. Costs associated with notice, claims administration and distribution of settlement checks shall be paid from the Settlement Fund and shall not exceed $42,000.00.

8

9.     The settlement checks issued to the members of the Settlement Class for payment of claims under this Settlement Agreement (both Initial Settlement Payment and Second Distribution, if any) will be void after 60 days from the date of issuance. Any Settlement Class Member who does not deposit or negotiate the claim payment check issued to such Settlement Class Member within 60 days of the date of issuance of the settlement claim payment check, agrees that such Settlement Class Member rescinds and withdraws his, her or its claim for monetary compensation under this Settlement Agreement but remains a member of the Settlement Class and is bound by the terms of this Settlement Agreement.

10.     <u>Undistributed Settlement Funds</u>.  Within thirty (30) days after the last void date of all settlement checks (both Initial Settlement Payment and the Second Distribution, if any) issued to Settlement Class Members, the Settlement Class Administrator will report to the Parties if there are any uncashed checks or unclaimed or undistributed amounts remaining in the Net Settlement Fund. Any such unclaimed or undistributed amounts remaining in the Settlement Fund after all payments required under this Settlement Agreement have been made shall be distributed to one or more cy pres charities selected by the parties, subject to approval by the Court.  The parties shall identify their respective proposed cy pres recipient at the time of the final approval of the settlement.  In no event shall undistributed settlement funds revert to Defendants or their insurers.  Any distribution to the court approved cy pres recipient(s) shall occur no earlier than forty-five (45) days after expiration of the void dates on all settlement checks (both Initial

Settlement Payment and the Second Distribution, if any) issued to Settlement Class Members.

11.   <u>Release</u>.  On the Effective Date, Plaintiff and the Settlement Class Members who have not opted out or been otherwise excluded from the Settlement Class shall be deemed to have fully and finally released and discharged the Released Parties from any and all liability for the Released Claims.

12.   This Settlement Agreement may be pleaded as a full and complete defense by the Released Parties to any action, suit or other proceeding that may be instituted or prosecuted with respect to the Released Claims. Without admitting that California law or the laws of any other state apply to this Settlement Agreement or that the release provided by Plaintiff and the Settlement Class is a general release, the Parties agree that upon the Effective Date, the Settlement Class shall be deemed to have waived and shall have expressly waived the provisions and benefits of California Civil Code §1542, which provides that a general release does not extend to claims which the creditor does not know or suspect to exist in his, her or its favor at the time of executing the release, which if known by him, her or it, must have materially affected his, her or its settlement with the debtor. Further, Plaintiff and the Settlement Class, expressly waive any and all provisions and rights or benefits which may be conferred upon them by any state's law, statute, ordinance or regulation which is similar, comparable or equivalent to California Civil Code §1542.

13.   If this Settlement Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void

10

and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

14. <u>Attorneys' Fees, Notice Costs and Related Matters</u>. The Settlement Class Administrator will administer the Net Settlement Fund for the benefit of the Settlement Class. Defendant will advance from the Settlement Fund to the Settlement Class Administrator or Settlement Class Counsel, the reasonable costs of notice and settlement administration five (5) days after entry of the Preliminary Approval Order. Settlement Class Counsel must seek approval from the Court to withdraw from the Settlement Fund any amount greater than $42,000.00 to cover costs related to issuing notice to the class and administration of the settlement. Settlement Class Counsel will request approval from the Court for attorneys' fees in an amount not to exceed 1/3 of the Net Settlement Fund as set forth in Section 5(c) of this Settlement Agreement. Settlement Class Counsel will not request additional fees or costs from Defendant or the Settlement Class other than the above-referenced sums. Settlement Class Counsel shall file a fee petition thirty (30) days prior to the deadline set by the Court in the Preliminary Approval Order to submit claims, opt out or object to the Settlement Agreement.

15. <u>Notice</u>. Within 14 days of entry of the Preliminary Approval Order, Defendant shall provide the Settlement Class Administrator with the Fax List in MS Word or Excel format. Within 35 days of entry of the Preliminary Approval Order, the Settlement Class Administrator shall cause the Notice and Claim Form in the form of <u>Exhibit 1</u> to be sent to

the facsimile numbers identified on the Fax List. The Settlement Class Administrator shall make at least two additional attempts to transmit the notice by facsimile to those numbers where the initial transmission failed. After a total of three unsuccessful attempts to transmit the notice to a Settlement Class Member, the Claims Administrator shall mail the Notice and Claim Form to the Settlement Class Member via first class mail to the address, if any, for the Settlement Class Member contained in the Fax List. The Settlement Class Administrator will check each address to which a Notice and Claim Form are to be mailed against the United States Post Office National Change of Address Database prior to the mailing. The Settlement Class Administrator shall take reasonable steps to attempt to forward any notices it mails to Settlement Class members which are returned with a forwarding address.

Settlement Class Counsel may also post the notice in the form of Exhibit 1 (excluding the claim form), and this Settlement Agreement (excluding exhibits) on their firm's website. Settlement Class Counsel or the Settlement Class Administrator shall provide any Settlement Class Member who contacts any of them and requests a copy of the Notices and/or the Claim Form (Exhibit 1) with materials requested.

The Settlement Class Administrator may create a website that allows for electronic submission of claim forms. Any website created by the Settlement Class Administrator may also post the notice, claim form, the Preliminary Approval Order, and this Settlement Agreement (excluding exhibits). The Settlement Class Administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement.

12

Settlement Class Counsel and/or the Settlement Class Administrator shall retain all documents and records generated during the administration of the settlement including records of notice given to Settlement Class Members, returned mail, records of undelivered mail, claim forms, and payment to Settlement Class Members for a period of one year following the issuance of the Final Approval Order, and the expiration of all deadlines for appeal therefrom. Defendant may inspect such documents, upon reasonable request by its counsel.

The Settlement Class Administrator will be responsible for serving the required CAFA Notices to all appropriate officials within ten (10) days after the filing of the Preliminary Approval Motion.  In the event that the required CAFA Notices are not delivered within ten (10) days to all appropriate officials, the parties agree to postpone the remaining procedures set out in this Agreement until confirmation that (a) the required CAFA Notices have been delivered and (b) any delay in delivery has been excused and/or waived by all appropriate officials.

16.   <u>Claim Validation</u>. The Settlement Class Administrator shall match the fax number provided by the Settlement Class Member on a returned claim form to a fax number on the Fax List. The Settlement Claims Administrator shall also determine whether the claim is a duplicate, whether the claim form is signed and examine the claim form for completeness and validity. If the fax number does not match, then Settlement Class Counsel or the Settlement Class Administrator shall follow-up with the Settlement Class Member and inquire if such Settlement Class Member employed other fax numbers during the Class

Period (to ascertain if any different fax number is a number on the Fax List), in an effort to determine whether the claim is a valid claim.

If the fax number or fax numbers provided on a claim form do not match a fax number on the Fax List, and the follow-up with the Settlement Class Member has not resolved the issue, Settlement Class Counsel or the Settlement Class Administrator shall disallow the claim. If a claim is deemed disallowed by the Settlement Class Administrator, the Settlement Class Administrator must communicate that disallowance of the claim to the Settlement Class Member and Settlement Class Counsel and allow Settlement Class Counsel an opportunity to investigate the basis for disallowing the claim. In the event the Parties disagree as to the validity of any claim form or whether to disallow a claim, then Settlement Class Counsel will present the disputed claim to the Court for resolution.

17.   a.   <u>Initial Settlement Payment</u>. Settlement Class Members submitting valid claim forms shall be paid a pro rata share of the Net Settlement Fund in accordance with this Settlement Agreement for each unique facsimile number.

b.   <u>Second Distribution</u>.   If there is sufficient money remaining in the Net Settlement Fund to pay each Settlement Class Member who cashed his/her/its Initial Settlement Payment $10 each, after payment of the costs of notice and administration, incentive awards, and payments to the Settlement Class Members who submit valid claims, then such remaining Settlement Funds will be distributed on a pro rata basis to those Settlement Class Members ("Second Distribution").

      c.    <u>W-9 Collection</u>. There is a possibility Settlement Class Members will recover more than $599.99, and such Settlement Class Members will be required to submit a W-9 form. The W-9 forms will be issued to Settlement Class Members by the Settlement Class Administrator as required within twenty-one (21) days after entry of the Final Approval Order and before any settlement checks are issued. Settlement Class Members will have thirty (30) days to respond to a request to complete a W-9 form. If a Settlement Class Member does not submit a W-9 form, the Settlement Class Administrator will deduct tax withholding from the settlement payment.  If W-9 forms need to be collected, certain dates set forth in paragraphs 6, 9, and 10 are reset and calculated as follows: within thirty (30) days following the expiration of time for Settlement Class Members to complete a W-9 form, Settlement Class Counsel or the Settlement Class Administrator shall distribute the Settlement Fund to the Settlement Class Members who have submitted valid claims in accordance with paragraph 16; settlement checks to the Settlement Class Members will be void sixty (60) days from date of issuance; and within thirty (30) days following the void date on the Settlement Class Members' checks, any uncashed checks or unclaimed or undistributed funds, the disposition of which will be determined by the Court, will be disbursed.

    18.   <u>Right to Object</u>. Any Settlement Class Member may object to the Settlement Agreement and appear in person or through counsel, at his, her or its own expense. The deadline to object shall be set by the Court in the Preliminary Approval Order and the Parties shall propose that it be at least ninety (90) days after notice is sent.  Any Settlement

Class Member may object to the Settlement Agreement by filing with the Court and mailing a copy of the objection to Settlement Class Counsel and Defendant's Counsel. Any objection must include: (a) the name (or business name, if the objector is an entity), address, and cell phone number to which the call(s) was placed; (b) a statement of the objection to the Settlement Agreement; (c) an explanation of the legal and factual basis for the objection; and (d) documentation, if any, to support the objection.

19. <u>Right of Exclusion</u>.  All Settlement Class members who properly file a timely written request for exclusion from the Settlement Class shall be excluded from the Settlement Class and shall have no rights as Settlement Class members pursuant to this Settlement Agreement. A request for exclusion must be in writing and state the name, address, and facsimile number (at which the fax(es) were received) of the person(s) or entity seeking exclusion. Each request must also contain a signed statement providing that: "I/we hereby request that I/we be excluded from the proposed Settlement Class in the Litigation." The request must be mailed to Settlement Class Counsel or the Settlement Class Administrator at the address provided in the notice and postmarked or received by Settlement Class Counsel or the Settlement Class Administrator on such date as set by the Court. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the notice, or that is not postmarked or received by Settlement Class Counsel or the Settlement Class Administrator within the time specified, shall be invalid and the person(s) serving such a request shall remain a

Settlement Class member and shall be bound by the terms of the Settlement Agreement, if approved. Settlement Class members shall have at least sixty (60) days from the date notice is sent to opt out of the Settlement.

20.  Preliminary Approval.  As soon as practicable after execution of this Settlement Agreement, Settlement Class Counsel shall file a Motion for Preliminary Approval of this Settlement Agreement and shall present such motion to the Court requesting the entry of a Preliminary Approval Order substantially in the form of Exhibit 2 or in such other form which is mutually acceptable to the Parties.

21.  Final Approval.  Settlement Class Counsel shall file a memorandum in support of final approval of the settlement, which shall include Settlement Class Counsel's request for an award of attorneys' fees and costs, at least seven (7) days prior to the date the Court sets for the final approval hearing. The Parties shall request the Court to enter a Final Approval Order substantially in the form of Exhibit 3, or in another form which is mutually acceptable to the Parties. Pursuant to the Class Action Fairness Act, the Final Approval Order shall not be entered until the expiration of at least ninety (90) days from the date the Preliminary Approval Order was entered. Entry of a Final Approval Order substantially in the form of Exhibit 3 or in another form which is mutually acceptable to the Parties is a condition precedent to this Settlement Agreement becoming fully effective. In the event a Final Approval Order substantially in the form of Exhibit 3 or in another form which is mutually acceptable to the Parties is not entered then this Settlement Agreement shall be null and void and is rescinded and the

17

Preliminary Approval Order and any other orders entered by the Court in connection with the settlement of this Litigation shall be vacated and the Parties shall be returned to the position they were in prior to the execution of this Settlement Agreement and this Litigation shall proceed as though this Settlement Agreement was never executed.

22.     The fact that the Court may require non-material changes to documents attached as <u>Exhibits 1 through 3</u> does not invalidate this Settlement Agreement.

23.     <u>Release of Attorneys' Lien</u>.     In consideration of this Settlement Agreement, Settlement Class Counsel hereby waives, discharges and releases the "Released Parties," as defined in paragraph 7 of the Recitals and Definitions above, of and from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Settlement Class Counsel in connection with this Litigation, other than the amount awarded by the Court as specified above.

24.     <u>Delivery of Settlement Fund</u>. Defendant or persons acting on its behalf shall issue a check or wire the amount of the Settlement Fund less the amount advanced for notice and administration costs to the Client Trust Account of Settlement Class Counsel, thirty-five (35) days after entry of the Final Approval Order.  Once the payment is made in accordance with this paragraph, Defendant shall have no further payment obligation to Plaintiff or the Settlement Class, and Defendant shall have no obligation or duty to monitor, supervise or control disbursements from the Settlement Fund.  Settlement Class Counsel agrees to hold such funds in trust for the benefit of the Settlement Class and shall not disburse any funds from the Settlement Fund prior to the

Effective Date unless in accordance with this Settlement Agreement or as ordered by the Court.

25.  <u>Dismissal Order</u>.  Once the Settlement Fund has been paid and the checks have cleared, the parties will file a stipulation of dismissal and request entry of an order stating that the Parties will take the actions required to fulfill their obligations under the Settlement Agreement. In the event that Defendant or its insurers fail or refuse to make the payments, Defendant agrees, that at the option of Settlement Class Counsel, the Final Approval Order may be vacated pursuant to Fed. R. of Civ. Procedure 60(b), this Agreement shall be rescinded and this action shall be reinstated as if this Agreement never existed.

26.  <u>Applicable Law</u>.  This Settlement Agreement shall be governed by and interpreted in accordance with the state law of the State of Michigan.

27.  <u>Miscellaneous Provisions</u>.  The Parties and their attorneys agree to cooperate fully with one another in seeking approval of this Settlement Agreement, and to use their best efforts to effect the consummation of this Settlement Agreement and the settlement provided for herein. Whether or not this Settlement Agreement and the settlement contemplated hereunder are consummated, this Settlement Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendants of any liability or wrongdoing whatsoever.

28.  <u>Benefit of this Settlement Agreement</u>.  This Settlement Agreement shall be binding upon and inure to the benefit of the Plaintiff,

the Released Parties and Settlement Class Members, and each of their respective successors and personal representatives, predecessors, affiliates, heirs, executors and assigns. It is expressly understood by the Parties that the individuals or entities of the Released Parties that are not signatories to this Settlement Agreement are intended third-party beneficiaries of this Settlement Agreement.

29.    _Authority_.  The Parties hereby represent to one another that they have full power and authority to enter into this Settlement Agreement and carry out their obligations hereunder.

30.    _Entire Agreement_.  Any and all prior understandings and agreements between the Parties with respect to the subject matter of this Settlement Agreement are merged into and with this Settlement Agreement, which fully and completely expresses the entire agreement and understanding of the Parties with respect to the subject matter hereof. This Settlement Agreement may be amended, modified or changed only by a written instrument or instruments executed by duly authorized officers or other representatives of the Parties expressly amending, modifying or changing this Settlement Agreement and may not be amended, modified or changed orally.

31.    _Counterparts_.  This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute the same instrument. Signatures provided by facsimile or e-mail shall be deemed legal and binding for all purposes.

32.    _Headings_.  The headings in this Settlement Agreement are for convenience of reference only and are not to be taken to be a part of the

provisions of this Settlement Agreement, nor to control or affect meanings, constructions or the effect of the same.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be duly executed and delivered by their duly authorized representatives on the date last written below.

SIGNATURE PAGE TO FOLLOW

PLAINTIFF
Michigan Urgent & Primary
Care Physicians, P.C.

By: _Ce A Brinodn._

Its: _President._

Dated: _11/04/2021_

SETTLEMENT CLASS
COUNSEL

_/s/ Dulijaza Clark_
Daniel A. Edelman
Dulijaza (Julie) Clark
EDELMAN, COMBS,
LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

Adam G. Taub
ADAM G. TAUB

Counsel for Plaintiff and the
Settlement Class

DEFENDANT
Medical Security Card
Company, LLC d/b/a ScriptSave
and WellRx

By: _____

Its: _____

Dated: _____

DEFENDANT'S COUNSEL

_____
Michael R. Turco (P48705)
BROOKS WILKINS SHARKEY &
TURCO PLLC
401 South Old Woodard Ave., Suite
400
Birmingham, Michigan 48009
(248) 971-1713 |  Fax: (248) 971-
1801
Turco@bwst-law.com

Jacob V. Bradley, #27750-49 (IN)
QUARLES & BRADY LLP
135 N. Pennsylvania Street, Suite
2400
Indianapolis, IN 46204
P: (317) 957-5000 |  Fax: (317) 957-
5010
Email: Jacob.bradley@quarles.com

Attorneys for Defendant, Medical
Security Card Company, LLC

22

PLAINTIFF
Michigan Urgent & Primary
Care Physicians, P.C.


By:_____

Its:_____

Dated:_____


SETTLEMENT CLASS
COUNSEL


_____
Daniel A. Edelman
Dulijaza (Julie) Clark
EDELMAN, COMBS,
LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

Adam G. Taub
ADAM G. TAUB


Counsel for Plaintiff and the
Settlement Class

DEFENDANT
Medical Security Card
Company, LLC d/b/a ScriptSave
and WellRx


By:_____

Its:_____

Dated:_____


DEFENDANT'S COUNSEL


_____
Michael R. Turco (P48705)
BROOKS WILKINS SHARKEY &
TURCO PLLC
401 South Old Woodard Ave., Suite
400
Birmingham, Michigan 48009
(248) 971-1713 | Fax: (248) 971-
1801
Turco@bwst-law.com


Jacob V. Bradley, #27750-49 (IN)
QUARLES & BRADY LLP
135 N. Pennsylvania Street, Suite
2400
Indianapolis, IN 46204
P: (317) 957-5000 | Fax: (317) 957-
5010
Email: Jacob.bradley@quarles.com


Attorneys for Defendant, Medical
Security Card Company, LLC

## **EXHIBIT 1**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN**
<u>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT:**</u>

MICHIGAN URGENT & PRIMARY CARE PHYSICIANS, P.C., *v.* MEDICAL SECURITY CARD COMPANY, LLC
Case No. 2:20-cv-10353

**THIS IS A NOTICE OF A SETTLEMENT OF A CLASS ACTION LAWSUIT.**
**THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU.**

**YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS LAWSUIT. PLEASE READ THIS NOTICE CAREFULLY FOR INFORMATION ABOUT THE LAWSUIT, THE SETTLEMENT, AND YOUR LEGAL RIGHTS.**

**I. THE LAWSUIT:** Michigan Urgent & Primary Care Services, P.C. ("Plaintiff") sued Medical Security Card Company, LLC ("MSCC") alleging that Plaintiff received an unsolicited fax advertisement promoting Defendant's goods or services that did not contain a proper opt out notice. Plaintiff alleged that these faxes violated the Telephone Consumer Protection Act ("TCPA"). MSCC denies these allegations and has raised certain defenses, but agreed to settle to avoid the expense, burden, and uncertainty of further litigation.

**II.    WHO IS INCLUDED**: MSCC's records show that you were sent one or more of its faxes and may be included in the Settlement. Specifically, the Court certified a "Settlement Class" of: All persons and entities in the United States who were subscribers to fax numbers that received faxes sent by or on behalf of Defendant Medical Security Card Company, LLC on or about October 3, 2019, promoting the commercial availability or quality of its goods or services for which it did not obtain prior consent and which did not contain an opt out notice as described in 47 U.S.C. § 227.

**III.    THE PROPOSED SETTLEMENT:** Defendant has agreed to fund a $2,350,000 Settlement Fund.  Before making payments to Settlement Class members, the Settlement Fund will be used to pay notice and administrative expenses not to exceed $42,000, an incentive award to the named Plaintiff (in an amount not to exceed $17,500) and attorneys' fees and costs (an amount not to exceed $775,000, which is 33% of the Net Settlement Fund). Settlement Class Counsel will file a Petition for Attorney's Fees by **[DATE, 2021]**.  Your share of the Settlement Fund depends on how many members of the Settlement Class submit valid claims. This notice is being sent to approximately 23,964 Settlement Class members. Participating Settlement Class members who submit a valid claim form will receive a *pro rata* distribution of the Net Settlement Fund per unique fax number.

**IV.    WHO REPRESENTS YOU**: The Court appointed Daniel A. Edelman and Julie Clark from Edelman, Combs, Latturner, & Goodwin, LLC and Adam G. Taub of Adam G. Taub & Associates Consumer Law Group, PLC to represent the Settlement Class as Class Counsel.

**V.    YOUR LEGAL RIGHTS AND OPTIONS**: (1) **Submit a Claim Form**. You must complete and submit the attached Claim Form by [DATE, 2022] to receive a payment. The value of each individual settlement payment cannot be determined until the Claims Deadline has passed and all claims have been verified. If your payment exceeds $599.99 you may be required to complete and submit a W-9. **(2) Exclude Yourself.** If you do not wish to participate in the Settlement you may exclude yourself from it by [DATE, 2021] by sending (via US Mail) a letter to Class Counsel at Edelman, Combs, Latturner & Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, IL 60603, fax: (312) 419-0379, or the Class Administrator, *Michigan Urgent & Primary Care Services, P.C. v. Medical Security Card Company, LLC,* Class Administrator, P.O. Box xxxx, City, ST xxxx-xxxx,. The Notice of Exclusion must state your name or your company's name, address, the fax number to which you were sent the fax, the case name and number, and a signed statement providing that: "I hereby request that I be excluded from the proposed Settlement Class in the Litigation." If you exclude yourself from the Settlement, you will not receive a payment and you will not release any claims against MSCC.  Your request for exclusion must be postmarked by **[DATE, 2022]** to be valid. **(3) Object.** If you do not exclude yourself, you can file an objection, either on your own or through an attorney, explaining why you think the Court should not approve the settlement. The objection must contain the case name and number; your name and address; the fax number to which you were sent the fax; a statement of your objection; an explanation of the legal and factual basis for the objection; and documentation, if any, to support your objection. The objection must be filed by **[DATE, 2022]** with (1) the Clerk of the United States District Court, Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226; and sent to (2) Edelman, Combs, Latturner, & Goodwin, LLC (36792), 20 S. Clark St., Suite 1500, Chicago, IL 60603; and (3) Quarles & Brady LLP, 135 North Pennsylvania Street, Suite 2400, Indianapolis, IN 46204. **(4) Do Nothing.** If you do nothing you will not receive a monetary recovery, but you will be bound by all the terms of the Settlement Agreement.

**VI.    WHAT AM I GIVING UP UNDER THE SETTLEMENT?** If the settlement becomes final, you will be releasing MSCC and all the Released Parties as defined in the Settlement Agreement from any claims you may have relating in any way to

any unsolicited advertising faxes sent to you during the class period. The Released Claims are fully explained in the Settlement Agreement, available at www.edcombs.com and [class administrator's website].

**VII.     FINAL APPROVAL HEARING:** The Court has scheduled a Final Approval Hearing before Judge Terence G, Berg on **[DATE, TIME, 2022]** at the United States District Courthouse for the Eastern District of Michigan: Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226. You or your attorney may attend this hearing if you desire and request to address the Court regarding any matters relating to this Settlement.

**VIII.    MORE INFORMATION:** More information is available at www.edcombs.com and [class administrator's website]. You may also inspect the pleadings and other papers that have been filed in this case at the office of the Clerk of the Court, U.S. District Court for the Eastern District of Michigan, 231 W. Lafayette Blvd., Detroit, MI 48226 or through PACER. If you have questions about this notice or the proposed settlement, you may contact Settlement Class Counsel.

**THE COURT AND THE DEFENDANT <u>CANNOT</u> PROVIDE INFORMATION.**

## <u>CLAIM FORM</u>

*MICHIGAN URGENT & PRIMARY CARE PHYSICIANS, P.C., v.*
*MEDICAL SECURITY CARD COMPANY, LLC, Case No.* **2:20-cv-10353 (EDMI)**

**TO RECEIVE A PAYMENT UNDER THIS SETTLEMENT AGREEMENT, THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED ON OR BEFORE <u>DATE, 2022</u> TO THE FOLLOWING:**

**CLASS ADMINISTRATOR**
**ADDRESS**
**CITY, STATE ZIP CODE**

IF YOU DO NOT SUBMIT A COMPLETED CLAIM FORM BY THE DATE INDICATED YOU WILL NOT RECEIVE A PAYMENT UNDER THIS SETTLEMENT. THE VALUE OF EACH INDIVIDUAL SETTLEMENT PAYMENT CANNOT BE DETERMINED UNTIL THE CLAIMS DEADLINE HAS PASSED AND WILL BE BASED ON, AMONG OTHER THINGS, THE TOTAL NUMBER OF CLAIMS RECEIVED.

**INSTRUCTIONS**: You must provide all required information below and sign the claim form and submit online or mail the claim form. You may be required to submit a W-9 form if the value of your claim exceeds $599.99. If you are required to submit a W-9 form and do not do so, your recovery will be limited to $599.99.

Please print or type the following information:

NAME OF PERSON OR ENTITY THAT SUBSCRIBED TO THE FAX LINE (a subscriber is the person or entity that maintained the account with the telecommunications company):

**Company Name**

**Contact Name**

Last

First

**Address:**

Line 1:

Line 2:

City/St/Zip

**Day Time Phone (area code-number):**

Telephone

**Fax Number** at which you received a fax from Defendants (area code-number):

Fax

Verification:
I submit that the foregoing information is true and correct to the best of my knowledge, information and belief.

_____        Date: _____
    Signature


_____
Print name and title

**IT IS YOUR RESPONSIBILITY TO KEEP A CURRENT ADDRESS
ON FILE WITH THE CLASS ADMINISTRATOR.**

# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICHIGAN URGENT &
PRIMARY CARE PHYSICIANS, P.C.,

                                         Case No. 2:20-cv-10353

        Plaintiff,                     Judge Terrence G. Berg

-vs-                               Magistrate Judge David R. Grand

MEDICAL SECURITY CARD COMPANY,
LLC d/b/a SCRIPTSAVE and WELLRX
and JOHN DOES 1-10,

        Defendants.

## [*PROPOSED*] PRELIMINARY APPROVAL ORDER

This matter is before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of the Class Settlement Agreement in the above-captioned matter ("Lawsuit"). The Parties have submitted a Settlement Agreement ("Agreement") that the Court has reviewed, and the Court finds that it is just and proper that the Agreement be preliminarily approved.

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1.      The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.

2.      Class Members:  For settlement purposes only, and in accordance with Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily and conditionally

certified as a class action on behalf of the following class of consumers (hereinafter referred to as the "Class Members"):

> All persons and entities who were subscribers to fax numbers that received faxes sent by or on behalf of Medical Security Card Company, LLC on or about October 3, 2019, promoting the commercial availability or quality of its goods or services for which it/they did not obtain prior consent and which did not contain an opt out notice as described in 47 U.S.C. § 227.

3.   Class Representatives and Class Counsel:  For settlement purposes only, and in accordance with Fed. R. Civ. P. 23, the Court preliminarily certifies the named Plaintiff, Michigan Urgent & Primary Care Physicians, P.C., as the Class Representative. The Court also preliminarily certifies counsel for Plaintiffs, Edelman, Combs, Latturner & Goodwin, LLC and Adam G. Taub & Associates Consumer Law Group, PLC, as Class Counsel. This Court preliminarily finds that Class Counsel have, and will continue to, fairly and adequately represent the interests of the Class Members. Plaintiffs and Class Counsel, on behalf of the Class Members, are authorized to take all appropriate action required or permitted to be taken by the Agreement to effectuate its terms.

4.   Preliminary Class Certification:  For settlement purposes only, the Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23 for the proposed Settlement Class, namely:

- The Class Members are so numerous that joinder of all of them in the Lawsuit is reasonably impracticable;

- There are questions of law and fact common to the Class Members, which predominate over any individual questions;

- The claims of the named Plaintiff are typical of the Class Members;

- Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

- Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair and efficient adjudication of this controversy.

5.     For settlement purposes only, the Court preliminarily finds that settlement of the Lawsuit, on the terms and conditions set forth in the Agreement preliminarily appears in all respects fair, reasonable, adequate and in the best interest of the Class Members and within the range of possible approval, especially in light of the complexity, expense, and probable duration of further litigation, the risk and delay inherent in possible appeals, the risk of collecting any judgment obtained on behalf of the Class Members, and the limited amount of any potential total recovery for the class. This finding is subject to further consideration at the Final Fairness Hearing.

6.     The Third Party Class Action Administrator: The Court appoints Class-Settlement.com as Class Administrator to assist in the administration of the

Class Settlement and provide notification to Class Members. The costs and expenses for the Class Administrator shall be paid subject to the terms of the Agreement.

7.    The Class Administrator will be responsible for mailing the approved class action notice to the Class Members as outlined in the Agreement.

8.    Notice Plan:  The Court approves the Parties' Notice Plan as set forth in the Agreement including the form and substance of the class notice attached thereto as Exhibit A (the "Class Notice"). This Court finds the Parties' proposed Notice Plan as set forth in the Agreement, including the Class Notice, fully satisfies the requirements of due process, the Federal Rules of Civil Procedure and any other applicable laws, and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. Accordingly, this Court approves the form and content of the Notice Plan and Class Notice.

9.    The Class Administrator shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than [DATE], i.e. no less than 14 days before the Final Fairness Hearing.

10.    The Final Fairness Hearing shall take place before the Honorable Terrence G. Berg on _____, 2022, at the United States District Court for the Eastern District of Michigan (Detroit), to determine: whether the proposed

-4-

Settlement of the Lawsuit on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate as to the Class Members and should be approved; whether Judgment, as provided for in the Stipulation, should be entered; payments to Settlement Class Members, the amount of any fees and costs that may be awarded to Class Counsel, and the amount of any service award that may be awarded to Plaintiffs, as provided for in the Stipulation. The Court will also hear and consider any properly lodged objections at that time under the process set forth below.

11.    Subject to final approval after the Final Fairness Hearing, all Class Members who do not request exclusion ("opt-out") from the Settlement Class certified pursuant to Federal Rule of Civil Procedure 23(b)(3) shall be bound by all determinations and judgments in this Lawsuit concerning the Settlement, including, but not limited to, the validity, binding nature and effectiveness of the releases set forth in the Agreement. To be valid, a request for opt-out must be in writing and personally signed by the Class Member who seeks to be excluded and sent to the Class Administrator, and it must include: (1) the name and address of the Class Member and (2) a statement to the effect that the Class Member wishes to be excluded from the Class. Opt-out requests must be postmarked to the Class Administrator no later than _____, 2022.

12. Any Class Member who has not previously opted-out in accordance with the terms of Paragraph 11 above may appear at the Final Fairness Hearing to argue that the proposed Settlement should not be approved. Copies of all written objection papers must be served on Class Counsel and Defendant's Counsel via U.S. mail and/or facsimile, with any following addresses:

| Class Counsel: | Attorney for Defendant: |
|---|---|
| Daniel A. Edelman | Michael R. Turco |
| JULIE CLARK | BROOKS WILKINS SHARKEY & |
| EDELMAN, COMBS, LATTURNER & | TURCO PLLC |
| GOODWIN, LLC | 401 South Old Woodard Ave., Suite 400 |
| 20 South Clark St., Ste 1500 | Birmingham, Michigan 48009 |
| Chicago, IL 60603 | P:(248) 971-1713; F(248) 971-1801 |
| P:(312)739-4200; F:(312)419-0379 | Turco@bwst-law.com |
| | |
| Adam G. Taub | Jacob V. Bradley |
| Adam G. Taub & Associates | Quarles & Brady LLP |
| Consumer Law Group, PLC | 135 N. Pennsylvania St., Suite 2400 |
| 17200 W 10 Mile Rd Suite 200 | Indianapolis, IN 46204 |
| Southfield, MI 48075 | P:(317)957-5000; F:(317)957-5010 |
| Phone: (248) 746-3790 | Jacob.bradley@quarles.com |
| Email: adamgtaub@clgplc.net | |

To the extent necessary or desired, the Settling Parties may respond to any properly filed objections no later than fourteen (14) days before the Final Fairness Hearing.

13. All proceedings in this Lawsuit are stayed pending final approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

14.     If the Agreement is terminated or is not consummated for any reason whatsoever, the preliminary certification of the Settlement Class shall be void, and Plaintiffs and Defendant shall be deemed to have reserved all their respective rights to propose or oppose any and all class certification issues.

15.     This Court reserves the right to adjourn or continue the date of the Final Fairness Hearing without further notice to the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. This Court may approve or modify the Settlement without further notice to the Settlement Class.

**IT IS SO ORDERED:**


_____
HONORABLE TERRENCE G. BERG
United States District Judge

Dated:

**EXHIBIT 3**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN URGENT &
PRIMARY CARE PHYSICIANS, P.C.,

|  |  |
|---|---|
| Plaintiff, | Case No. 2:20-cv-10353 |
| | Judge Terrence G. Berg |
| -vs- | Magistrate Judge David R. Grand |

MEDICAL SECURITY CARD COMPANY,
LLC d/b/a SCRIPTSAVE and WELLRX
and JOHN DOES 1-10,

Defendants.

## [PROPOSED] FINAL APPROVAL ORDER

On [DATE, 2021], this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff Michigan Urgent & Primary Care Physicians, P.C., ("Plaintiff"), on its own behalf and on behalf of the Settlement Class (as defined below), and Defendant Medical Security Card Company, LLC d/b/a ScriptSave and WellRx ("MSCC" or "Defendant") as memorialized in the Settlement Agreement (the "Settlement Agreement").

On [DATE, 2022], the Court held a fairness hearing (the "Final Approval Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited to appear, including those with any objections. An opportunity to be heard was given to all persons

requesting to be heard in accordance with the Preliminary Approval Order. Having considered the Parties' Settlement Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted, and good cause having been shown,

IT IS HEREBY ORDERED THAT:

1.    This Court has jurisdiction over Plaintiffs, Defendants, members of the Settlement Class, and the claims asserted in the Litigation.

2.    The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3.    This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases therein, and finds that the settlement is in all respects fair, reasonable, and adequate, and in the best interests of all those affected by it. The Parties and their counsel shall implement and consummate the Settlement Agreement according to its terms and provisions. The Settlement Agreement is binding on, and has res judicata and preclusive effect in all pending and future lawsuits or other proceedings brought or maintain by or on behalf of Plaintiff and all other Settlement Class Members who have not opted out of the Settlement. Any pending actions addressing the same conduct and harm that is the subject of this Settlement Agreement shall be terminated based on the entry of this Final Judgment and Order. Any timely objections that were filed have been considered and are overruled. Accordingly, all members of the Settlement Class who have not opted out are bound by this Order finally approving the Settlement.

<u>Class Certification</u>

4.     On [<u>DATE, 2021</u>], pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court entered an order entitled, "Order Preliminarily Approving Class Action Settlement and Class Notice" (the "Preliminary Approval Order").

5.     The following Settlement Class is now finally certified for purposes of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities who were subscribers to fax numbers that received faxes sent by or on behalf of Medical Security Card Company, LLC on or about October 3, 2019, promoting the commercial availability or quality of its goods or services for which it/they did not obtain prior consent and which did not contain an opt out notice as described in 47 U.S.C. § 227.

6.     The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC and Adam G. Taub & Associates Consumer Law Group, PLC. are adequate class

counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6.    Michigan Urgent & Primary Care Physicians, P.C.,. is designated as representatives of the Settlement Class.

7.    Dulijaza (Julie) Clark and Daniel A. Edelman of Edelman, Combs, Latturner and Goodwin, LLC are appointed as Class Counsel.

<u>Class Notice</u>

8.    The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action.  The Court has approved the forms of notice to the Settlement Class.

9.    With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3).  Notice was given by facsimile or first-class U.S. Mail to each Settlement Class Member whose identity could be identified through reasonable effort.  Settlement Class Counsel also posted the Settlement Agreement (without exhibits) and Notice on its firm website, www.edcombs.com.  The Class Notice and Settlement Agreement were also posted on [www.INSERTSETTLEMENT.com].

10.    A total of _____ <u>valid claims</u> have been submitted, inclusive of (a) ____ ____ [<u>XX</u>] submissions which initially contained deficiencies that were ultimately cured making them valid claims subsequent to

follow up; [XX] late but otherwise valid claim which the parties request and Court agrees be deemed valid.

11.    Plaintiff submitted the affidavit of [------------------------ of -------

----------------] to demonstrate that the "Notice of Class Action and Proposed Settlement" (the "Notice") was sent to the members of the Settlement Class as ordered in the Preliminary Approval Order. The Court finds that the Notice and the process by which it was sent: (1) fully complied with the requirements of Rule 23(c)(2)(B) and due process; (2) constituted the best notice practicable under the circumstances; (3) constituted notice that was reasonably calculated, under the circumstances, to apprise the members of the Settlement Class of the pendency of this Action, their right to object to or exclude themselves from the proposed Agreement and to appear at the Final Approval Hearing; and (4) constituted due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

## Objections and Opt-Outs

12.    No member of the Settlement Class has filed an objection to the settlement.   The Court has considered each of these objections carefully and has overruled them.  None of these objections raised a valid concern about the Settlement Agreement.

13.    Requests for exclusion have been submitted on behalf of the following entity / fax numbers which is hereby excluded from the Class and this case:

[LIST BY NAME OR
ATTACH AS EXHIBIT]

### Class Compensation

14.     In accordance with the terms of the Settlement Agreement, Defendants shall provide a total of two million three hundred fifty thousand dollars (\$2,350,000.00) to create a Settlement Fund, less any costs advanced for notice and administrative expenses pursuant to the Settlement Agreement.  No portion of the Settlement Fund shall revert back to Defendant.

15.     As set forth in the Settlement Agreement, each member of the class who has submitted a timely and otherwise valid claim will be entitled to a pro rata share of amounts remaining in the Settlement Fund subsequent to deductions for costs of notice and administration expenses; attorneys' fees; and class representative award to Michigan Urgent & Primary Care Physicians, P.C..  The Settlement Administrator will cause delivery of payments to class members.  As agreed between the parties, checks issued to the class members will be void sixty (60) days after issuance.  Any money remaining from checks issued to claiming class members but not cashed shall be awarded to [parties to agree].

### Releases

16.     All claims or causes of action of any kind by Plaintiff and Settlement Class Members who have not timely opted out or otherwise excluded themselves from the Settlement Class are forever barred and released pursuant to the terms of the releases set forth in Paragraph 11 of the Settlement Agreement.

17.     This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Settlement Class (except that the dismissal shall be without prejudice as to those persons identified above who submitted

valid exclusions), and without fees or costs except as provided for in the Settlement Agreement.

<u>Award of Attorneys' Fees, Costs, and Incentive Award</u>

18.    The Court has considered Class Counsel's application for attorneys' fees. The Court awards Class Counsel the sum of $<u>          </u>.00 as an award of attorneys' fees to be paid from the Settlement Fund, and finds this amount of fees is fair and reasonable.

19.    The Court grants Class Counsel's request for an incentive award to the class representatives and awards $<u>          </u>.00 to Michigan Urgent & Primary Care Physicians, P.C. The Court finds that this payment is justified by the Class Representative's service to the Settlement Class.  This payment shall be made from the Settlement Fund.

<u>Other Provisions</u>

20.    The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here.

21.    The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

22.    This Court retains continuing jurisdiction over this action, Plaintiff, all members of the Settlement Class, and Defendant to determine all matters relating in any way to this Final Approval Order and Judgment, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

23.    Neither the Settlement Agreement, the Preliminary Approval Order, this Order Finally Approving the Settlement, nor any of their

provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendants, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

24.   Without further approval from the Court, the Parties may agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents as (1) shall be consistent in all material respects with this Final Approval Order and Judgment, or (2) do not limit the rights of Settlement Class Members

25.   The Settlement Class Administrator shall distribute the Net Settlement Fund to the Settlement Class Members in accordance with the provisions of this Order and the parties' Settlement Agreement, within thirty (30) days following the Effective Date as more fully set forth in the Settlement Agreement.

26.   Within thirty (30) days of the last date by which all distributions are made to the Settlement Class Members, inclusive of any second distribution payment to Class Members provided for in Settlement Agreement, if needed, Class Counsel shall file a notice with the Court affirming that the Settlement Fund was paid out as contemplated by the Settlement Agreement.

27.     Any amounts remaining in the Settlement Fund after all distributions are made, inclusive of any second distribution payment to Class Members provided for in Settlement Agreement, if needed, are to be paid as a cy pres award to the [_____ ].

28.   The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.


IT IS SO ORDERED:


_____
HONORABLE TERRENCE G. BERG
United States District Judge

Dated: