UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MICHIGAN URGENT CARE & PRIMARY CARE PHYSICIANS, P.C.,** | **2:20-CV-10353-TGB-DRG** |
| Plaintiff, | |
| vs. | **FINAL APPROVAL ORDER** |
| **MEDICAL SECURITY CARD COMPANY, LLC D/B/A SCRIPTSAVE AND WELLRX, and JOHN DOES, 1-10,** | |
| Defendants. | |

On December 22, 2021, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff Michigan Urgent & Primary Care Physicians, P.C., ("Plaintiff"), on its own behalf and on behalf of the Settlement Class (as defined below), and Defendant Medical Security Card Company, LLC d/b/a Script Save and WellRx ("MSCC" or "Defendant") as memorialized in the Settlement Agreement (the "Settlement Agreement"). On April 25, 2022, the Court held a final fairness hearing (the "Final Approval Hearing"), for which members of

1

the Settlement Class had been given appropriate notice and were invited to appear, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. Having considered the Parties' Settlement Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement (ECF Nos. 48, 49) and all other evidence submitted, and good cause having been shown, it is **HEREBY ORDERED** that:

1. This Court has jurisdiction over Plaintiff, Defendant, members of the Settlement Class, and the claims asserted in the Litigation.

2. The Settlement Agreement was entered into in good faith following arm 's length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases therein, and finds that the settlement is in all respects fair, reasonable, and adequate, and in the best interests of all those affected by it. The Parties and their counsel shall implement and consummate the Settlement Agreement according to its terms and provisions. The Settlement Agreement is binding on and has res judicata and preclusive effect in all pending and future lawsuits or other proceedings brought or maintain by or on behalf of Plaintiff and all other Settlement Class Members who have not opted out of the Settlement. Any pending actions addressing the

2

same conduct and harm that is the subject of this Settlement Agreement shall be terminated based on the entry of this Final Judgment and Order. No objections or opt-outs were filed. Accordingly, all members of the Settlement Class are bound by this Order finally approving the Settlement.

## Class Certification

4.    On December 22, 2021, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court entered an order entitled, "Order Preliminarily Approving Class Action Settlement and Class Notice" (the "Preliminary Approval Order"). ECF No. 43.

5.    The following Settlement Class is now certified for purposes of settlement pursuant to Rule 23(a) and (b)(3):

> All persons and entities who were subscribers to fax numbers that were sent faxes by or on behalf of Medical Security Card Company, LLC on or about October 3, 2019, promoting the commercial availability or quality of its goods or services for which it /they did not obtain prior consent and which did not contain an opt out notice as described in 47 U.S.C. § 227.

6.    The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect

3

the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC and Adam G. Taub & Associates Consumer Law Group, PLC. are adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

7.     Michigan Urgent & Primary Care Physicians, P.C., is designated as representative of the Settlement Class.

8.     Dulijaza (Julie) Clark and Daniel A. Edelman of Edelman, Combs, Latturner and Goodwin, LLC and Adam G. Taub of Adam G. Taub and Associates Consumer Law Group PLC are appointed as Class Counsel.

## Class Notice

9.     The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action. The Court has approved the forms of notice to the Settlement Class.

10.     With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by facsimile or first-class U.S. Mail to each Settlement Class Member whose identity could be determined through reasonable effort. Settlement Class Counsel also posted the Settlement Agreement (without exhibits) and Notice on its firm website,

4

www.edcombs.com. The Class Notice and Settlement Agreement were also posted on Class-Settlement.com.

11.    A total of 713 valid claims have been submitted, inclusive of (a) eight (8) submissions which initially contained deficiencies that were ultimately cured making them valid claims subsequent to follow up; and (b) two (2) late but otherwise valid claim which the Parties request and Court agrees be deemed valid.

12.    Plaintiff submitted the affidavit of Dorothy Sue Merryman of Class-Settlement.com to demonstrate that the "Notice of Class Action and Proposed Settlement" (the "Notice") was sent to the members of the Settlement Class as ordered in the Preliminary Approval Order. ECF No. 48. The Court finds that the Notice and the process by which it was sent: (1) fully complied with the requirements of Rule 23(c)(2)(B) and due process; (2) constituted the best notice practicable under the circumstances; (3) constituted notice that was reasonably calculated, under the circumstances, to apprise the members of the Settlement Class of the pendency of this Action, their right to object to or exclude themselves from the proposed Agreement and to appear at the Final Approval Hearing; and (4) constituted due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

## Objections and Opt-Outs

13.    No member of the Settlement Class has filed an objection to the settlement.

14.   No requests for exclusion have been submitted on behalf of any entity or fax number.

## Class Compensation

15.   In accordance with the terms of the Settlement Agreement, Defendant shall provide a total of two million three hundred fifty thousand dollars ($2,350,000.00) to create a Settlement Fund, less any costs advanced for notice and administrative expenses pursuant to the Settlement Agreement. No portion of the Settlement Fund shall revert to Defendant.

16.   As set forth in the Settlement Agreement, each member of the class who has submitted a timely and otherwise valid claim will be entitled to a pro rata share of amounts remaining in the Settlement Fund subsequent to deductions for costs of notice and administration expenses; attorneys' fees; and class representative award to Michigan Urgent & Primary Care Physicians, P.C.. The Settlement Administrator will cause delivery of payments to class members. As agreed between the Parties, checks issued to the class members will be void sixty (60) days after issuance. Any money remaining from checks issued but not cashed shall be distributed as a cy pres award to the Michigan State Bar Foundation Access to Justice Campaign.

## Releases

17.   All claims or causes of action of any kind by Plaintiff and Settlement Class Members who have not timely opted out or otherwise

excluded themselves from the Settlement Class are forever barred and released pursuant to the terms of the releases set forth in Paragraph 11 of the Settlement Agreement.

18.    This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Settlement Class and without fees or costs except as provided for in the Settlement Agreement.

## Award of Attorneys' Fees, Costs, and Incentive Award

19.    The Court has considered Class Counsel's application for attorneys' fees. ECF No. 46. The Court awards Class Counsel the sum of $761,640 as an award of attorneys' fees to be paid from the Settlement Fund, and finds this amount of fees is fair and reasonable.

20.    The Court grants Class Counsel's request for an incentive award to the class representative and awards $6,500 to Michigan Urgent & Primary Care Physicians, P.C. The Court finds this payment is justified by the Class Representative's service to the Settlement Class. This payment shall be made from the Settlement Fund.

## Other Provisions

21.    The Court adopts and incorporates all the terms of the Settlement Agreement by reference here.

22.    The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

23.    This Court retains continuing jurisdiction over this action, Plaintiff, all members of the Settlement Class, and Defendant to

7

determine all matters relating in any way to this Final Approval Order and Judgment, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

24.    Neither the Settlement Agreement, the Preliminary Approval Order, this Order, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, and this Order), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

25.    Without further approval from the Court, the Parties may agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents as (1) shall be consistent in all material respects with this Order and Judgment, or (2) do not limit the rights of Settlement Class Members.

26.    The Settlement Class Administrator shall distribute the Net Settlement Fund to the Settlement Class Members in accordance with the provisions of this Order and the Parties' Settlement Agreement, within thirty (30) days following the Effective Date as more fully set

forth in the Settlement Agreement.

27.    Within thirty (30) days of the last date by which all distributions are made to the Settlement Class Members, inclusive of any second distribution payment to Class Members provided for in the Settlement Agreement, if needed, Class Counsel shall file a notice with the Court affirming that the Settlement Fund was paid out as contemplated by the Settlement Agreement.

28.    Any amounts remaining in the Settlement Fund after all distributions are made, inclusive of any second distribution payment to Class Members provided for in Settlement Agreement, if needed, are to be paid as a cy pres award to the Michigan State Bar Foundation Access to Justice Campaign.

29.    The Court finds that there is no just reason to delay the enforcement of or appeal from this Order and Judgment.

**IT IS SO ORDERED,** this 11th day of May, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge